# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**CEDRICK SIMPSON, Sr.**                                                    PLAINTIFF

v.                               No. 4:17-cv-461-DPM

**CITY OF LITTLE ROCK, a municipality;
GREG SIEGLER, individually and in
official capacity; STEVE MOORE, individually
and in official capacity; M. DURHAM,
Sgt., individually and in official capacity;
and STUART THOMAS, individually
and in official capacity**                                              DEFENDANTS

## ORDER

**1.** Simpson's motion to proceed *in forma pauperis*, № 1, is granted. He has little income and can't afford the filing fee.

**2.** The Court must screen Simpson's complaint. 28 U.S.C. § 1915(e)(2). This is Simpson's second lawsuit about his involvement, arrest, and trial in a state murder case. No. 4:14-cv-165-DPM.

The United States Court of Appeals for the Eighth Circuit recently affirmed this Court's grant of summary judgment on several of Simpson's federal claims: (1) a *Brady* claim; (2) a § 1983 due process claim; (3) a § 1983 *Monell* claim; (4) a § 1983 destruction-of-exculpatory-evidence claim; and (5) a § 1983 suppression-of-exculpatory-material claim. *Simpson v. City of*

*Little Rock*, \_\_\_ F. App'x \_\_\_, 2017 WL 3411882 (9 August 2017) (*per curiam*). The Court of Appeals also held that any Fourth Amendment claim failed on limitations grounds. *Ibid.* Claim preclusion would bar Simpson from raising any of these claims again, though he doesn't appear to do so, at least not by name. *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 923–24 (8th Cir. 2006).

In the earlier case, at Simpson's request made during summary judgment briefing, this Court dismissed two of his federal claims against Little Rock and Siegler—failure to intervene and conspiracy to deprive constitutional rights—without prejudice. That non-merits dismissal means there's no claim preclusion bar against these claims. *Mountain Pure, LLC*, 439 F.3d at 925; RESTATEMENT (SECOND) OF JUDGMENTS § 20(1)(b) (1980).

These two claims pass screening only as to Siegler, though. In his new complaint, Simpson doesn't allege any wrongdoing on the City's part in these two claims. № 2 at 5–8. And as to Moore, Durham, and Thomas, these two claims are untimely. More than three years passed between the alleged violations and Simpson's filing of his current complaint. *Morton v. City of Little Rock*, 934 F.2d 180, 182–83 (8th Cir. 1991). And because Simpson didn't

name and serve Moore, Durham, and Thomas in his first lawsuit, the Arkansas savings statute doesn't apply. ARK. CODE ANN. § 16-56-126; *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 713, 120 S.W.3d 525, 532 (2003).

Simpson's other current federal claims appear to be re-labeled versions of Arkansas law claims he asserted last time. This Court declined to exercise supplemental jurisdiction over those state law claims and dismissed them without prejudice. № 69 in No. 4:14-cv-165-DPM. All these reclassified claims fail now as a matter of law at the threshold.

First, Simpson can't proceed on a *respondeat superior* theory against Little Rock under § 1983. *Williams v. Butler*, 863 F.2d 1398, 1400 (8th Cir. 1988). Second, as to Little Rock and Siegler, Simpson's reclassified claims are barred by claim preclusion. These claims are based on the same events as the claims fully litigated in the first suit; they could have been raised in that suit; and Simpson's first suit ended in a final judgment on the merits. *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1019–20 (8th Cir. 2011). That judgment, moreover, hs now been affirmed on appeal, though that step wasn't required for the judgment to have preclusive effect. Third, as to Moore, Durham, and

Thomas, the reclassified claims are time-barred and were not preserved by the savings statute. *Morton*, 934 F.2d at 182–83; ARK. CODE ANN. § 16-56-126; *Smith*, 353 Ark. at 713, 120 S.W.3d at 532.

\* \* \*

What's left? Two claims against Siegler: failure to intervene and conspiracy to deprive constitutional rights. Simpson's other claims are all dismissed with prejudice.

3. Simpson must file (under seal) current address information for Siegler by 25 September 2017. The Court needs that information to get a summons issued and the suit papers served by the U.S. Marshal. If Simpson doesn't file this information by the deadline, then his remaining claims will be dismissed. LOCAL RULE 5.5(c)(2).

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

25 August 2017