# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CEDRICK SIMPSON, Sr.                                           PLAINTIFF

v.                              No. 4:17-cv-461-DPM

GREG SIEGLER*                                                  DEFENDANT

## ORDER

1. **Summary.** After screening, two claims and one defendant remain in this *pro se* lawsuit arising out of the 1997 killing of a grocery store manager. № 3. Simpson says Detective Greg Siegler failed to intervene in the illegal arrest, investigation, and prosecution of Simpson for robbery and murder, and conspired with other officers to deprive Simpson of his constitutional rights. The many facts are described in this Court's final ruling in Simpson's first federal case. No. 4:14-cv-165-DPM, Order № 69, *affirmed Simpson v. City of Little Rock*, 694 Fed. App'x 468 (8th Cir. 2017). Siegler seeks dismissal of both current claims under Federal Rule of Civil Procedure 12(b)(6).

2. **Failure To Intervene.** This claim probably should have been dismissed on screening. As Siegler argues, there's no basis in law or logic for holding an officer liable for failing to intervene in his own actions. To the extent Simpson alleges that Siegler should have

---

* Greg Siegler is no longer being sued in his official capacity. The Court directs the Clerk to update the docket.

intervened in the other officers' conduct, the United States Court of Appeals for the Eighth Circuit hasn't recognized a duty to intervene in constitutional violations other than excessive force. *Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012). There's no excessive force issue here. Simpson alleges, instead, that the Constitution was violated when he was arrested and prosecuted without evidence of guilt. Therefore, Simpson's complaint doesn't state a claim against Siegler for failure to intervene.

**3. Conspiracy To Deprive Constitutional Rights.** Simpson says Siegler conspired with Sergeant Durham, Police Chief Thomas, and Detective Moore to violate his rights to due process and a fair trial by coercing a false confession and withholding exculpatory evidence. № 2 *at 7–8*. The calendar makes it impossible that Siegler conspired with anybody to coerce a false confession from Simpson: the complaint says Simpson falsely confessed in July of 1998; Siegler wasn't assigned to the case until 2010. On the exculpatory evidence issue, the Court has some doubt about whether proof of a conspiracy exists. The Court held in the earlier case that there was no bad faith on anybody's part to destroy or otherwise withhold evidence. No. 4:14-cv-165-DPM, Order № 69 *at 6, 7–8*. But, whether the conspiracy claim will ultimately succeed isn't the current question; it's whether Simpson has plausibly alleged that claim. Construing Simpson's *pro se* complaint liberally, and making all reasonable inferences in his favor, it's at least plausible

that Siegler conspired to deprive Simpson of his constitutional rights. This claim therefore survives for now. The legal issues presented are better ventilated at the summary judgment stage.

\* \* \*

Siegler's motions to dismiss, № 9 & № 20, are partly granted and partly denied without prejudice. The failure-to-intervene claim is dismissed with prejudice. The conspiracy claim goes forward.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

31 January 2018