IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CEDRICK SIMPSON, SR.                                              PLAINTIFF

v.                           No. 4:17-cv-461-DPM

GREG SIEGLER, Individually                                        DEFENDANT

ORDER

Cedrick Simpson believes in his bones that he was unjustly prosecuted for the 1997 murder of a grocery store manager. The jury acquitted him after brief deliberation. And Simpson has pursued litigation against the Little Rock police officers involved and others since. This Court resolved most of his federal claims against him in № 4:14-cv-165-DPM, *see* Order № 69, and the Court of Appeals affirmed. 694 F. App'x. 468 (8th Cir. 2017) (*per curiam*). After screening, and a partly successful motion to dismiss in this, his most recent case, one claim against one defendant went forward for a decision on the merits: did Detective Greg Siegler conspire with his supervisor and a deputy prosecutor to violate Simpson's rights to due process and a fair trial by withholding exculpatory evidence? № 3, 26 & 46 (prior orders and amended complaint).

Detective Siegler is entitled to judgment as a matter of law on this remaining claim. *Bedford v. Doe*, 880 F.3d 993, 996–97 (8th Cir. 2018). The parties agree on most of the material facts. № 58. Where Simpson

disagrees, he rests on allegations and beliefs, not evidence of record. In sum, taking the record where genuinely disputed in Simpson's favor, insufficient evidence exists for a jury to reasonably conclude that there was a conspiracy against him. *Helmig v. Fowler*, 828 F.3d 755, 763 (8th Cir. 2016).

A first difficulty for Simpson, as Siegler emphasizes, is that the merits about the evidence handling and the trial's fairness have already been adjudicated against Simpson. Second, the material facts are against him. Simpson agrees that Siegler wasn't involved in the initial murder investigation, which occurred more than two decades ago. He agrees about Siegler's role in the cold case investigation: Siegler and his supervisor reviewed and discussed the case file, and presented their conclusions to the deputy prosecutor. The mistaken destruction of the hat and bandana was ventilated. It's certainly true, as Simpson emphasizes, that Siegler's affidavit did not tell the whole story about Simpson's many statements, recantations, and variations about the murder. But all this was either covered at trial or in the first federal case. Simpson has not come forward with evidence sufficient to support a verdict that Siegler — aiming to violate Simpson's due process rights and deprive him of a fair trial — agreed and acted with his supervisor, the deputy prosecutor, or both toward that end. "Speculation and conjecture are not enough to prove that a conspiracy exist[ed]." *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999).

And mistakes do not add up to an intentional plot to violate the Constitution.

* * *

Motion for summary judgment, № 50, granted.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

2 January 2020